IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| DEWITT MEDICAL DISTRICT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:25-cv-00026 |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual" or "Defendant") hereby removes the action styled and numbered *DeWitt Medical District v. Liberty Mutual Fire Insurance Company*, Cause No. 25-062-DCCV-00298, pending in the 267th Judicial District Court of DeWitt County, Texas to the United States District Court for the Southern District of Texas, Victoria Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.
### BACKGROUND AND PROCEDURAL HISTORY

1. On March 19, 20025, Plaintiff DeWitt Medical District ("Plaintiff"), filed its Original Petition in the 267th Judicial District Court of DeWitt County, Texas, Cause No. 25-062-DCCV-00298 against Liberty Mutual ("State Court Action").[1]

2. Plaintiff's Original Petition names Liberty Mutual Fire Insurance Company as the only Defendant.[2]

---

[1] *See generally*, Plaintiff's Original Petition, attached hereto as **Exhibit B-1**.

[2] *See id.*

3. Liberty Mutual was served through its registered agent, Corporation Service Company, on March 31, 2025. Accordingly, Liberty Mutual files this Notice of Removal within the 30-day time period required by 28 U.S.C. Section 1446(b)(2)(B).

4. Venue is proper in the United States District Court for the Southern District of Texas, Victoria Division, under 28 U.S.C. §§ 124(a)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## II.
## BASIS FOR REMOVAL

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Liberty Mutual, and the amount in controversy exceeds $75,000 excluding interest and costs.

A. **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Liberty Mutual.**

6. Plaintiff is a local governmental entity organized under the laws of the State of Texas.[3] Plaintiff's principal place of business is in DeWitt County, Texas. Plaintiff DeWitt Medical District is thus a citizen of Texas for diversity jurisdiction purposes.

7. Defendant Liberty Mutual is an insurance company organized in the State of Wisconsin with its principal place of business in Massachusetts.[4] Liberty Mutual is thus a citizen of Wisconsin and Massachusetts for diversity jurisdiction purposes.

---

[3] See id. at ¶ 3.

[4] See Liberty Mutual Fire Insurance Company's overview from the Wisconsin Department of Insurance, attached as **Exhibit F**.

8. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Liberty Mutual.

B. **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

9. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . ."[5]

10. Here, Plaintiff's Original Petition states that Liberty Mutual "underpaid Plaintiff by more than $6,000,000 in replacement cost benefits."[6] Liberty Mutual denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief request by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs

11. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

---

[5] *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

[6] *See* Plaintiff's Original Petition at ¶ 19, attached hereto as **Exhibit B-1**.

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446 AND LR81

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of the 267th Judicial District Court in DeWitt County, Texas.

13. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

14. In compliance with Local Rule 81, the following documents are attached:

   A. All executed process in this case, attached as **Exhibit A**;

   B. All pleadings asserting causes of action and answers to such pleadings, attached as **Exhibits B-1 through B-2**;

   C. State Court Docket Sheet, attached as **Exhibit C**;

   D. An index of matters being filed, attached as **Exhibit D**;

   E. List of all counsel of record, attached as **Exhibit E**; and

   F. Liberty Mutual Fire Insurance Company's overview from the Wisconsin Department of Insurance, attached as **Exhibit F**.

### IV.
### CONCLUSION

15. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, removal of this action is proper under 28 U.S.C. § 1332(a).

16. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Liberty Mutual will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Liberty Mutual Fire Insurance Company hereby provides notice that this action is duly removed from the 267th Judicial District Court of DeWitt County,

Texas, to the United States District Court for the Southern District of Texas, Victoria Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

*[Space left intentionally blank.]*

Respectfully submitted,

By: /s/ Shannon M. O'Malley
Shannon M. O'Malley
(Attorney-in-Charge)
Texas Bar No. 24037200
somalley@zellelaw.com
Claire A. Fialcowitz
(Of Counsel)
Texas Bar No. 24126181
cfialcowitz@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEYS FOR DEFENDANT
LIBERTY MUTUAL FIRE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 18th day of April 2025:

Matthew R. Pearson
Texas Bar No. 00788173
mpearson@pearsonlegalpc.com
Carrie D. Holloway
Texas Bar No. 24028270
cholloway@pearsonlegalpc.com
PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, TX 75205
Telephone:  210-732-7766
Facsimile:  210-229-9277
*Attorneys for Plaintiff DeWitt Medical District*

/s/ Shannon M. O'Malley
Shannon M. O'Malley